UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY DENOYER,

        Plaintiff,

v.

STATE FARM MUTUAL
INSURANCE COMPANY,

        Defendant.
_____/

Case No. 2:20-cv-12110
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY AS UNOPPOSED (ECF NO. 15), AWARDING ATTORNEY FEES AND DIRECTING PLAINTIFF'S COUNSEL TO SHOW CAUSE IN PERSON

Defendant served Plaintiff with discovery requests nine months ago, and to date has gotten no responses. Defendant sought concurrence in a motion to compel to no avail, and so had to file the instant motion. (ECF No. 15.) Seeing no apparent excuse for the failure to serve timely discovery responses after reviewing the motion, the Court noticed and held a status conference via Zoom to discuss the matter, but Plaintiff's counsel failed to appear, despite follow-up calls from my case manager which went into the law firm's voicemail. No response to the motion has been filed. Duly advised in the premises, the Court hereby **GRANTS** the motion to compel as unopposed and awards costs and expenses associated with this motion in the amount of **$350.00** pursuant to Fed. R. Civ. P. 37(a)(5)(A),

representing two hours of attorney fees at a rate of $175 per hour. This must be paid <u>by Plaintiff's counsel to Defendant's counsel</u> on or before **January 11, 2022**, unless Plaintiff files an objection to the reasonableness of this award by **January 4, 2022**. The <u>complete</u>, signed discovery responses sought by this motion must be served on or before **January 4, 2022**, with interrogatory answers being sworn under oath. <u>All objections are deemed waived.</u> *See* Fed. R. Civ P. 33(b)(4); *see also Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99-CV-118, 2001 WL 34059032, at *1-2 (W.D. Mich. Feb. 13, 2001) ("Th[e] rule [that failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objections] applies with equal force to all objections, including those based on attorney-client privilege or attorney work product.") (internal quotation marks and citations omitted); *Hennigan v. General Elec. Co.*, No. 09-11912, 2011 WL 13214444, at *3 (E.D. Mich. June 1, 2011) ("Under Fed. R. Civ. P. 34(b), any objection to a request to produce, including an objection based on a claim of privilege, must be made within 30 days of service of the request to produce.") (quotation marks and citation omitted).

Further, the Court hereby extends discovery through **February 1, 2022** <u>for the sole purpose</u> of completing Plaintiff's deposition should defense counsel find it necessary after receiving the ordered discovery. The dispositive motion deadline is accordingly extended to **April 1, 2022**.

Finally, Plaintiff's counsel is **HEREBY ORDERED** to appear in person in my courtroom on **January 18, 2022 at 9:30 a.m.** to show cause why this case should not be dismissed for failure to attend the status conference and failure to prosecute.  **Failure to comply with this order may result in the sanctions specified in Fed. R. Civ. P. 37(b)(2) and (d)(3), up to and including a dismissal of this case.**

It is **SO ORDERED**.[1]

Dated: December 20, 2021

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).